<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| ALEXANDER N. PREZIOSO, | : |
| Plaintiff, | : Civil Action No. 14-3140 (SRC) |
| v. | : |
|  | : **OPINION & ORDER** |
| BAYER CORPORATION et al., | : |
| Defendants. | : |

<u>**CHESLER**</u>, **U.S.D.J.**

This matter comes before the Court on the motion to remand Plaintiff's benefit claim for voluntary appeal review by Defendants Bayer Corporation, Bayer Corporation Disability Plan, and Matrix Absence Management (collectively, "Defendants"). For the reasons stated below, the motion to remand will be granted in part and denied in part.

This case arises from a dispute over a denial of benefits between an insured and a benefit plan, pursuant to ERISA. With this motion, Defendants ask this Court to Order a "voluntary" remand review of Plaintiff's claim for benefits, and to dismiss this case without prejudice. Defendants now concede that the denial of benefits was based on an incomplete record, and have offered Plaintiff the opportunity for a new appeal review based on a complete administrative record. Plaintiff has rejected this offer, and Defendants now ask this Court to Order it.

Plaintiff opposes the motion, but does not articulate a legal basis for denying it. Plaintiff agrees that the record is missing so many documents that it is a "Swiss cheese file." (Pl.'s Opp. Br. 8.) Remand for review may be an appropriate remedy when further development of the factual record is called for. See <u>Smathers v. Multi-Tool, Inc./Multi-Plastics, Inc. Employee Health &</u>

Welfare Plan, 298 F.3d 191, 200 (3d Cir. 2002). Under these circumstances, it is both fair and an efficient use of judicial resources to remand the matter to the plan committee for completion of the evidentiary record and review of the full record. The motion for remand will be granted.

Plaintiff has objected to Defendants' request to also dismiss this case, and this Court agrees: there is no reason to dismiss the case. It is sufficient to stay this action for the period of review and Order that the review be completed within 45 days of the date of entry of this Order. The parties will be Ordered to report in writing with the result of the appeal review within 50 days of the date of entry of this Order.

For these reasons,

**IT IS** on this 21st day of January, 2016,

**ORDERED** that Defendants' motion to remand Plaintiff's benefit claim for voluntary appeal review (Docket Entry No. 28) is **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED** that this case is **REMANDED** to the plan committee to complete the record and to review Plaintiff's claim for benefits based upon the completed record; and it is further

**ORDERED** that Defendants complete this review within 45 calendar days of the date of entry of this Order; and it is further

**ORDERED** that this case is hereby **STAYED** pending completion of this review; and it is further

**ORDERED** that the parties report to the Court in writing with the result of the appeal review within 50 calendar days of the date of entry of this Order.

.

                                                   s/ Stanley R. Chesler
                                                Stanley R. Chesler, U.S.D.J.