NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ALEXANDER N. PREZIOSO,

      Plaintiff,

 v.

BAYER CORPORATION, et al.,

      Defendants.

Action No. 2:14-cv-3140 (SRC)(CLW)

**OPINION & ORDER**

  This matter comes before the Court on the motion to compel (ECF No. 45) filed by *pro se* Plaintiff Alexander N. Prezioso and opposed (ECF No. 47) by Defendants. Decided without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure, the motion is granted in part and denied in part.

  Plaintiff filed the instant action in relation to his "claim for long term disability [that] falls under the Bayer Corporation Disability Plan." (Complaint, ECF No. 1, at 2, ¶ 2.)[1] Plaintiff asserts "two (2) causes of action against the defendants: (a) Claim for the denial of benefits, under ERISA § 502(a)(1)(B), and (b) Breach of fiduciary duty, under ERISA § 502(a)." (Id., at 1, ¶ 1 (citations omitted).) Plaintiff accordingly seeks benefits as well as interest and costs. (Id., at 16-17, ¶¶ 1-7.)

  The instant motion arises out of the parties' persistent disputes with respect to discovery and the completeness of the administrative record. Plaintiff's previous motion to compel, ECF No. 25, was terminated, ECF No. 36, pending remand "to the plan committee to complete the record and to review Plaintiff's claim for benefits based upon the completed record[.]" (Opinion & Order,

---

[1] References to the record use page numbers assigned by CM/ECF.

ECF No. 35, at 2.) The "ERISA Review Committee" thereafter "reconsidered its earlier decision regarding [Plaintiff's] claim for long term disability benefits and voted to reaffirm its denial of the appeal, taking into consideration the material added to the administrative record after the remand from the district court." (Remand Decision, ECF No. 45-1, at 26-28.) With respect to Plaintiff's "alleg[ation] that the administrative record is incomplete and that missing items cannot be found[,]" the Committee indicated that "it does not believe that any substantive documentation is missing that would cause it to change its decision." (Id., at 28.) The Committee likewise concluded that the supplemental materials submitted by Plaintiff "do not cause the Committee to change its prior decision." (Id.)

In his renewed motion to compel, Plaintiff maintains that the administrative record is incomplete because Defendants improperly refused to consider certain evidence and denied his claim on remand based on incomplete evidence. E.g., Motion, ECF No. 45, at 1-2, 4-9, ¶¶ 1-5, 9-13, 19. Plaintiff seeks "discovery beyond the [a]dministrative [r]ecord" by way of an Order compelling Defendants to produce time logs, expense accounts, and "[a]ny documentation from Bayer HR Direct or any other department that pertains to the hours actually worked." (Id., at 18-19, ¶ 20.) Plaintiff likewise seeks to supplement the record with subpoenaed records of his accrued airlines mileage, as well as expert reports, including a "vocational expert report on the extent of [his] travel" and "associated expense accounts, time logs, and air miles flown to demonstrate" that his occupation was misclassified by Defendants. (Id.) Plaintiff concludes that "[t]here are material factual disputes which preclude a motion for [s]ummary [j]udgment." (Id., at 19.)

Defendants assert that "[m]uch of Plaintiff's motion is unrelated to a request for documents, and instead attacks Defendants' claim review process, and asserts the Committee's

decision was affected by conflict of interest and was arbitrary and capricious."[2] (Opp., ECF No. 47, at 10.) Defendants contend that "Plaintiff's request for time logs, travel and expense reports is unnecessary given Defendants' analysis of his occupational demands, including travel[,]" by reference to a former colleague's description of Plaintiff's job, though Defendants acknowledge that another remand would be appropriate if the Court were to compel such disclosures. (Id., at 11-13 (collecting cases for proposition that remand is appropriate to complete record prior to the court's review).) Next, Defendants argue that "Plaintiff's request to include airline records and expert reports [in the administrative record] is untimely[]" because he failed to do so for the remand and now fails to explain "why he did not make efforts to include that information for the Committee's remand review[.]" (Id., at 15.) Defendants accordingly seek to litigate this case on the merits without further discovery or remand. (Id., at 16.)

In reply, Plaintiff alleges that, on remand, Defendants "made no attempt to gather information that is available and to correct the deficiencies" in the record. (Reply, ECF No. 49, ¶¶ 2-3.) Plaintiff further emphasizes that "Defendants had the unchecked opportunity" to include or omit evidence from the administrative record and "selectively omitted or altered information, changed standards and produced a false and incomplete" record such that Plaintiff's job description was changed and he was wrongly denied benefits. (Id.) Plaintiff especially disputes Defendants' use of a former colleague in assessing his job duties and claims that his actual travel and activities were wholly inconsistent with Defendants' account thereof. (Id., ¶¶ 4-7, 13-14.) Plaintiff also claims that, contrary to Defendants' assertion, his hours were regularly recorded and Plaintiff otherwise denies that he has been dilatory in his requests—particularly since Defendants were in

---

[2] Though it is true that Plaintiff's motion is not strictly one to compel discovery, as he seeks to supplement the administrative record with his own submissions and at times presents argument more appropriate for a summary judgment motion, the Court is mindful that "[a] document filed *pro se* is 'to be liberally construed[.]'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

possession of the travel and time logs. (Id., ¶¶ 9, 11.) Finally, Plaintiff opposes another remand and seeks to supplement the record only as to this proceeding. (Id., ¶¶ 15-18.)

Against this backdrop, the Court is not convinced that Defendants "complete[d] the record" and "review[ed] Plaintiff's claim for benefits based upon the completed record[]" consistent with the District Judge's Order. For example, time logs, expense accounts, and related items—insofar as they exist[3]—apparently were not reviewed by the Committee and this belies the Committee's assertion that "it does not believe that any substantive documentation is missing that would cause it to change its decision." While the Court appreciates the need for this matter to proceed efficiently to its adjudication on the merits, it would not serve the interests of judicial economy to permit the case to proceed to summary judgment where the Court cannot discern whether and to what extent Defendants failed on remand to consider evidence—whether proffered by Plaintiff or within Defendants' control—that Plaintiff specifically sought and requested Defendants to consider. The Court likewise is disinclined to permit supplementation of the record during litigation, as remand affords a complete record for review by both the Committee and the Court. See Marciniak v. Prudential Fin. Ins. Co. of Am., 184 F. App'x 266, 269 (3d Cir. 2006) (citing Mitchell v. Eastman Kodak Co., 113 F.3d 433, 440 (3d Cir. 1997) for its "holding that when reviewing an ERISA plan administrator's decision to deny benefits, the reviewing court must look to the evidence that was before the administrator when he or she made the decision being reviewed"); Witte v. Connecticut Gen. Life Ins. Co., 2007 WL 4300224, at *3 (D.N.J. Dec. 6, 2007) (discussing standards of review applicable to motion for summary judgment in review of a denial of benefits under ERISA). Consequently, Defendants shall disclose to Plaintiff travel and expense reports so that Plaintiff

---

[3] The Court accepts Defendants' representations as to the non-existence of certain responsive documents, Rygiel-Boyd Cert., ECF No. 47-1, Jones Cert., ECF No. 47-2, and directs Defendants to certify the non-existence of any items within the purview of the instant motion and Order.

- 5 -

may present such evidence on remand. Similarly, because the Court credits Plaintiff's earnest and diligent efforts as a *pro se* litigant in this matter, Plaintiff is granted leave to present evidence in the form of airline records and expert reports on remand. To be clear, such discovery and records are to supplement the record on remand, as opposed to the record in this matter exclusively, so that the Court may properly review the same administrative record considered by the Committee on remand.

**ACCORDINGLY, IT IS** on this 8th day of December, 2016,

**ORDERED** that Plaintiff's motion to compel (ECF No. 45) is granted in part and denied in part; and

**ORDERED** that the Court will hold a teleconference, to be initiated by Defendants and with in-house counsel for Defendant Bayer to be on the call, on December 19, 2016 at 4:30 PM to discuss scheduling of disclosures and remand consistent with this Order; and

**ORDERED** that the Clerk shall terminate ECF No. 45; and

**ORDERED** that the Clerk shall transmit this Order via certified mail, return receipt requested, to Plaintiff at his address on the docket.

*s/Cathy L. Waldor*
**CATHY L. WALDOR**
**United States Magistrate Judge**